UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Joe Hand Promotions, Inc., | ) | |
|                      Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-4049 |
| | ) | |
| Cat's Bar, Inc., d/b/a Cat's Bar & Grill, | ) | |
|                      Defendant | ) | |

**ORDER and OPINION**

The Order that was entered in this case on March 12, 2009 (Doc. #14) is hereby WITHDRAWN and replaced by this amended Order. The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me. Now before the Court is the Plaintiff's motion for default judgment (#12). The motion is granted to the extent stated herein.

**JURISDICTION AND VENUE**

The complaint in this case alleges causes of action arising under 47 U.S.C. §§ 553 and 605. This Court therefore has jurisdiction over the subject matter of this dispute pursuant to 28 U.S.C. § 1331.

Venue is proper in this court because the Defendant is a business located in Atkinson, IL, which is in Henry County, a county within the Central District of Illinois, Rock Island Division. All alleged statutory violations occurred at that business location.

**BACKGROUND**

Plaintiff Joe Hand Productions, Inc. (hereinafter "Joe Hand") purchased and is the owner of certain rights allowing it to distribute to commercial establishments the closed-circuit broadcast of

"the Ultimate Fighting Championship" that was to air on June 7, 2008. Joe Hand then marketed the sub-licensing of the broadcast in the State of Illinois, charging a fee for that sub-license. Persons paying the fee obtained the right to broadcast the program, either by closed circuit television or by encrypted satellite signal. The fee starts at $750 and ranges upward from there, depending on the number of viewers and, in some cases, the type of establishment. A $750 fee covers up to 50 viewers.

Based on past experience, Joe Hand was aware than many of its licensed broadcasts were "pirated" and then shown by unlicensed establishments. There are several ways to pirate a closed-circuit broadcast. First, a "blackbox" can be purchased and installed on a cable TV line; this blackbox unscrambles the reception. Second, if a commercial establishment misrepresents itself as a residential property, the "pay per view" can be purchased for $25-50, much less than a sub-license. Third, an illegal cable drop or splice can be made from premises adjacent to the establishment, which would divert the signal to the commercial establishment. Finally, these same or similar actions can be used with respect to a satellite system.

In order to locate and prosecute the unlicensed broadcasts, Joe Hand hired Signal Auditing Inc., which used independent auditors in an effort to identify unlicensed establishments airing this (and other) broadcasts. The auditors were provided with a list of establishments that had paid the fee and were thus authorized to broadcast the program.

Cat's Bar did not purchase a sub-license from Joe Hand. One of Signal Auditing's auditors, whose affidavit has been submitted, visited Cat's Bar on June 7 at about 8:30 p.m. The auditor was not charged a cover charge to enter the bar. He observed 3 television sets showing a "clips/highlights between fights" to 8 bar patrons. The auditor was not able to determine whether the

broadcast was made possible by a cable interception device or via a satellite interception device. An affidavit from the auditor has been submitted.

Joe Hand brought this action against Cat's Bar, alleging violation of the Communications Act of 1934 as amended, 47 U.S.C. §§ 553 and 605. Defendant was served with process but has failed to answer or otherwise respond to the complaint. Defendant was found in default on February 11, 2009. Plaintiff seeks damages as follows:

1. under 47 U.S.C. 605(e)(3)(C)(i)(II), up to $10,000

2. under 47 U.S.C. 605(e)(3)(C)(ii), up to $100,000 for enhanced damages for willful violation of §605(a)

3. under 47 U.S.C. 605(e)(3)(B)(i), costs and reasonable attorney's fees.

## DISCUSSION

Violation of the Communications Act may result from several different types of acts, several of which are alleged in this complaint. First, a person may be liable for unauthorized reception of cable service. 47 U.S.C. § 553(a)(1). In addition to the possibility of criminal prosecution, violators may be subject to civil suit. Damages in civil suits are to be computed based either on actual damages plus any profits of the violator, or statutory damages between $250 and $10,000 as deemed appropriate by the court. § 553(c)(3)(A). If the violation was "committed willfully and for purposes of commercial advantage or private financial gain," the court may increase the damages by an amount not exceeding $50,000. § 553(c)(3)(B).

Second, a person may be liable for unauthorized reception of airwaves such as satellite signals. 47 U.S.C. 605(a). A civil suit is authorized for violations. § 605(e)(3)(A). In addition to "full costs, including ...reasonable attorneys' fees", § 605(e)(3)(B)iii), the aggrieved party may recover

either actual damages plus the violator's profits, § 605(e)(3)(C)(i)(I), or statutory damages for each violation between $1000 and $10,000 as the court deems just, §605(e)(3)(C)(i)(II) with an additional award of $100,000 for willful violation, namely those for "purposes of direct or indirect commercial advantage or private financial gain." §605(e)(3)(C)(ii).

There is no dispute that Defendant violated the Act. A defendant in default is deemed to have admitted factual allegations in the complaint. Black v. Lane, 22 F.3d 1395, 1397 n.4 (7th Cir. 1994). Morever, the evidence submitted by Plaintiff establishes that Defendant did not have the requisite sub-license but did in fact broadcast at least part of the program. The Defendant in this case is therefore deemed to have violated one of the two sections of the statute and is therefore liable for damages.

A single act cannot violate both sections. See, U.S. v. Norris, 88 F.3d 462, 469 (7th Cir. 1996). Section 553 of the Act prohibits piracy through a cable, while § 605 prohibits piracy by means of an airwave, such as a satellite signal. It is, however, impossible for the Plaintiff to know which section was violated, but in light of the default of Defendant, I find that uncertainty unimportant. One way or the other, the statute was violated, and the damages for a violation of either section is $10,000.

Plaintiff also seeks damages for the willful nature of the violation. It is impossible to imagine an unintentional or innocent pirating of a broadcast such as the one alleged her. As described above, intentional acts are required to pirate a closed-circuit broadcast; the unscrambled airwaves or cable transmission do not just happen. Additionally, Defendant is a commercial establishment, so commercial advantage or financial gain can fairly and reasonably be inferred from the facts. For both of these reasons, the violation meets the statutory definition of "willful" under either section.

The amount of damages for willful violations is the main difference between the two statutory sections. Plaintiff has chosen to seek statutory damages under § 605. Under that section, up to $100,000 per violation may be awarded. Under § 553, damages for willful violations are limited to $50,000. Here, where the Plaintiff has established only a single unauthorized incident of a broadcast to only 8 people who were not charged a cover charge, I find the appropriate enhancement of damages for the willful nature of the violation is the fee Defendant should have paid ($750) for the license, multiplied by the number of patrons, for a total of $6000.

Plaintiff also seeks costs of $450.00 and attorney's fees of $831.25. These amounts are supported by the affidavit of Plaintiff's counsel. They are reasonable and are thus awarded.

## CONCLUSION

The motion for default judgment [#12] is granted as follows:  I find in favor of the Plaintiff Joe Hand Promotions, Inc. and against Defendant Cat's Bar and Grill in the amount of $16,000.00 plus fees and costs of $1,281.25.  Judgment shall not be entered at this time, because there is not a final and appealable order as to both parties in this case.  Fed.R.Civ.P. 54(b).

ENTERED ON March 16, 2009

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE